UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| UNITED STATES OF AMERICA, | 4:17-CR-40058 |
|---|---|
| Plaintiff, | MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION, DENYING MOTION TO SUPPRESS, DENYING MOTION TO DISMISS, DENYING MOTION TO MODIFY TEXT ORDER |
| vs. | |
| LOREN BROWN and RANDY L. GARRISS, | |
| Defendants. | |

On July 6, 2017, Randy Garriss was indicted on Conspiracy to Defraud the United States, in violation of 18 U.S.C. § 371 and Impeding the Internal Revenue Service, in violation of 26 U.S.C. § 7212(a). Doc. 1. Pending before the Court are a Motion to Suppress, Doc. 151, a Motion to Dismiss Indictment, Doc. 175, and Motion to Modify the Text Order at Doc. 130, Doc. 197—all filed by Mr. Garriss. For the following reasons, Mr. Garriss's motions are denied.

I. **Motion to Suppress**

On August 23, 2019, Mr. Garriss filed a motion to suppress seeking to "suppress any and all evidence obtained by administrative process after referral was made to the Department of Justice for criminal investigation." Doc. 151. Title 26, section 7602(c)(1) of the United States Code provides:

> No summons may be issued under the Title, and the Secretary may not begin any action . . . to enforce any summons, with respect to any person, if a Justice Department referral is in effect with respect to such person.

U.S.C. § 7602(c)(1).

Magistrate Judge Duffy ordered the Government to respond to "whether there ever was any evidence obtained by administrative process after a criminal investigation referral was made." Doc. 155.

The Government responded to Judge Duffy's order and stated in its brief that "we believe there is no evidence in this case that was obtained by administrative process after the referral was made to the [DOJ]." Doc. 156. The Government also opposed Mr. Garriss's motion because (1) the Defendant had not specified any evidence he believed falls within the category that he has

1

identified; and (2) even if there were such evidence, the Defendant has cited no authority that would support suppression. Doc. 156 at 2. The Government argues that "as the moving party, at a minimum it is defendant's burden to come forth with some evidence and argument to support his position that evidence, statements, or a witness identification should be suppressed." Doc. 156 at 2 (quoting *United States v. Edwards*, 563 F.Supp.2d 977, 994 (D. Minn. 2008) ("[E]ven in those circumstances where the Government has the ultimate burden of persuasion, Defendant has the initial burden of making a prima facie showing of illegality.")).

Judge Duffy issued a Report and Recommendation recommending to the Court that the motion to suppress be denied as moot given the Government's belief that no evidence was obtained by administrative process after a criminal investigation referral was made. Doc. 157.

Mr. Garriss filed an objection to the Report and Recommendation. Doc. 161. Therein, Mr. Garriss states that he cannot determine what evidence may have been obtained by administrative process after a criminal investigation referral was made because the Government had not disclosed when referral for criminal prosecution was made to the Department of Justice. Doc. 161. Mr. Garriss has represented that in the many pages of discovery produced, there are many documents that were obtained administratively. Doc. 161 at 1.

Before the ruling on the Motion to Suppress, on October 7, 2019, the Court ordered the Government to file with the Court within ten (10) days of the date of the order, the date Mr. Garriss's case was referred to the Department of Justice for criminal prosecution and ordered Mr. Garriss to file a supplement to his motion to suppress within twenty (20) days after the Government filed its response, identifying what evidence he seeks to suppress. On October 15, 2019, the Government filed a response to the Court's order, stating that the Department of Justice, Tax Division, referred the case to the U.S. Attorney's Office, District of South Dakota, for criminal prosecution on March 17, 2017. Doc. 185. On November 4, 2019, Mr. Garriss responded to the Government's disclosure of the date of referral of this case for criminal prosecution. Doc. 188. Therein, Mr. Garriss did not identify what evidence he sought to suppress, but rather stated that he "has reason to believe that he was being criminally investigated with respect to matters surrounding the Nelsons (alleged co-conspirators) years prior to the dates submitted by [the Government]." Doc. 188 at 2. Mr. Garriss has not identified any summonses in this case that may have been issued after the referral was made for criminal prosecution in this case, nor has he

identified any evidence that he seeks to suppress. Accordingly, this Court adopts the report and recommendation issued by Judge Duffy, Doc. 157, and denies Mr. Garriss's motion to suppress, Doc. 151.

## II. Motion to Dismiss Indictment

On September 27, 2019, Mr. Garriss moved to dismiss both count 1 and count 2 of the indictment charging him with Conspiracy to Defraud the United States, in violation of 18 U.S.C. § 371 and Impeding the Internal Revenue Service, in violation of 26 U.S.C. § 7212(a). Doc. 175.

In evaluating a motion to dismiss, the Court accepts the facts alleged in the Indictment as true. *United States v. Halseth*, 342 U.S. 277, 279 (1952). An indictment adequately states an offense if:

> it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to a subsequent prosecution. An indictment will ordinarily be held sufficient unless it is so defective that it cannot be said, by any reasonable construction, to charge the offense for which the defendant was convicted.

*United States v. Hernandez*, 299 F.3d 984, 992 (8th Cir. 2002) (citation omitted). An indictment is normally sufficient if its language tracks the statutory language. *Hamling v. United States*, 418 U.S. 87, 117 (1974).

A facially valid indictment ordinarily will survive a motion to dismiss for failure to state an offense without further inquiry. *See United States v. Ferro*, 252 F.3d 964, 968 (8th Cir. 2001). A court cannot dismiss an indictment based on "predictions as to what the trial evidence will be;" instead it must give the Government the opportunity to present its evidence. *Id.* (quoting *United States v. DeLaurentis*, 230 F.3d 659, 661 (3d Cir. 2000)).

### A. Motion to Dismiss Count 1, Conspiracy to Defraud the United States

Count 1 of the Indictment against Mr. Garriss charges him with violating 18 U.S.C. § 371 by conspiring with others to defraud the Internal Revenue Service ("IRS") in the function of ascertaining, computing, assessing, and collecting income taxes owed by Theodore "Ted" Nelson and Steven "Steve" Nelson, also known as a *Klein* conspiracy. Doc. 1. The Eighth Circuit has held that "[t]o convict a defendant of a *Klein* conspiracy, the government must show the existence

of an agreement to defraud the IRS and an overt act by one of the conspirators in furtherance of the agreement's objectives." *United States v. Fletcher*, 322 F.3d 508, 513 (8th Cir. 2003). Conspiracy to defraud the United States does not require proof of an agreement to violate a specific federal statute or regulation. *United States v. Gjerde*, 110 F.3d 595, 601 (8th Cir. 1997). Fraud covered by the statute "reaches 'any conspiracy for the purpose of impairing, obstructing or defeating the lawful function of any department of Government.'" *Tanner v. United States*, 483 U.S. 107, 126 (1987) (quoting *Dennis v. United States*, 384 U.S. 855 (1966)). "Defrauding" under § 371 means obstructing the operation of any government agency by any "deceit, craft or trickery, or at least by means that are dishonest." *Hammerschmidt v. United* States, 265 U.S. 182, 187 (1924); *United States v. Murphy*, 957 F.2d 550, 553 (8th Cir. 1992).

In his motion to dismiss, Mr. Garriss argues that an "[a]greement to conspire to defraud and impede the collection of taxes" owed by Ted Nelson and Steven Nelson "presume[s] the existence of taxes due and owing to the IRS." Doc. 175 at 3, 100. Mr. Garriss contends that a tax deficiency due and owing by Ted Nelson and Steve Nelson is an essential element of the charges against him. Mr. Garriss argues that because the federal government is without legal authority to tax the Nelsons, "[t]here is no tax deficiency" and both counts of the indictment must therefore be dismissed. Doc. 175 at 100.

"A conspiracy to frustrate or obstruct the IRS's function of ascertaining and collecting income taxes falls clearly within the ban of section 371." *United States v. Rosengarten*, 857 F.2d 76, 78 (2d Cir. 1988) (citing *United States v. Klein*, 347 F.2d 908, 915-19 (2d Cir. 1957); *United States v. Everett*, 692 F.2d 596, 599 (9th Cir. 1982)). In order to convict a defendant of conspiracy to defraud the United States under § 371, the Government need not prove an underlying tax deficiency due and owning by Ted and Steve Nelson. The Eighth Circuit Court of Appeals has stated that:

> It is clear that a conspiracy to 'defraud the United States' within the meaning of 18 U.S.C. § 371 need not result in a monetary loss to the federal government. To conspire to defraud the Untied States means primarily to cheat the government out of property or money, but it also means to interfere with or obstruct one of its lawful governmental functions by deceit, craft or trickery, or at least by means that are dishonest. It is not necessary that the government shall be subjected to property or pecuniary loss by the fraud, but only that its legitimate official action and purpose shall be defeated by misrepresentation, chicane or the overreaching of those charged with carrying out the governmental intention.

4

*United States v. Anderson*, 579 F.2d 455, 458 (8th Cir. 19778) (citing *Hammerschmidt v. United States*, 265 U.S. 182 (1924); *Dennis v. United States*, 384 U.S. 855, 861 (1966)); *see also United States v. Tajideen*, 319 F.Supp.3d 445, 459 (D.C. Cir. 2018); *United States v. Puerto*, 730 F.2d 627, 630-31 (11th Cir. 1984). The Court understands that Mr. Garriss takes issue with whether the Government's taxing authority is in fact "lawful." Specifically, Mr. Garriss argues that the United States Congress and the IRS lack the constitutional authority to impose an income tax because it is a "direct" tax that has not been apportioned among the several States of the Union in violation of Article I, Section 9, clause 4 of the United States Constitution. Doc. 175 at 56-57. This argument has been repeatedly held to be frivolous and "devoid of any arguable basis in law." *Ficalora v. Commissioner,* 751 F.2d 85, 87 (2d Cir. 1984); *see also Charczuk v. Commissioner,* 771 F.2d 471, 472–73 (10th Cir.1985); *Lovell v. United States*, 755 F.2d 517, 519 (7th Cir. 1984) ("All individuals, natural and unnatural, must pay federal income tax on their wages . . . .").

The Indictment in this case alleges that Loren Brown and Mr. Garriss:

> did unlawfully, voluntarily, intentionally, and knowingly conspire, combine, confederate, and agree together . . . to defraud the United States for the purpose of impeding, impairing, obstructing, and defeating the lawful government functions of the Internal Revenue Service . . . in the ascertainment, computation, assessment, and collection of revenue, to wit: income taxes owed by Theodore "Ted" Nelson and Steven "Steve" Nelson.

Doc. 1. Additionally, the Indictment alleges numerous over acts committed by one or more of the co-conspirators in furtherance of the conspiracy. The Court concludes that Count 1 of Indictment contains all the essential elements of the crime charged and is facially valid. Accordingly, Mr. Garriss's motion to dismiss Count 1 of the Indictment is denied.

### B. Motion to Dismiss Count 2, Impeding the Internal Revenue Service

Count 2 of the Indictment against Mr. Garriss charges him with violating 26 U.S.C. § 7212(a). The Internal Revenue Code provision that Mr. Garriss is charged with violating in Count 2 of the Indictment has two substantive clauses. *See Marinello v. United* States, 138 S.Ct. 1101, 1104 (2018). The first clause, which the Supreme Court has referred to the as the "Officer Clause," forbids,

> corruptly or by force or threats of force (including any threatening letter or communication) endeavor[ing] to intimidate or impede any officer or employee of the United States acting in an official capacity under [the Internal Revenue Code].

*Id.* at 1104-05. The second clause, which the Supreme Court has referred to as the "Ominibus Clause," forbids,

> corruptly or by force or threats of force (including any threatening letter or communication) obstruct[ing] or imped[ing], or endeavor[ing] to obstruct or impede, the due administration of [the Internal Revenue Code].

*Id.* (quoting 26 U.S.C. § 7212(a)).

In order to prove a violation of 26 U.S.C. § 7212(a), the government must prove that the defendant: 1) corruptly or by force or threats of force; 2) endeavored; 3) to obstruct or impede the administration of the Internal Revenue Code. *See United States v. Williams*, 644 F.2d 696, 699 (8th Cir. 1981), *superseded by statute on other grounds*, Tax Reform Act of 1984, Pub. L. No. 98-369, 159, 98 Stat. 494, 696, as recognized in *United States v. Brooks*, 174 F.3d 950, 956 (8th Cir. 1999)). Whether or not a tax deficiency is due and owed by the Nelsons is not an essential element of this crime and is no basis upon which this Court may dismiss Count 2 of the Indictment. To the extent that Mr. Garriss argues that Congress's and the IRS's taxing authority is unconstitutional, the Court has already rejected this argument above. *See also Crain v. Commissioner of Internal Revenue*, 747 F.2d 1417, 1417-18 (5th Cir. 1984) ("The constitutionality of our income tax system—including the role played within that system by the Internal Revenue Service and the Tax Court—has long been established.").

Mr. Garriss's motion to dismiss Count 2 of the Indictment is denied.

### III. Motion to Modify the Text Order at Docket 130

Since his indictment and initial appearance on the pending charges, Mr. Garriss has filed multiple motions and other pleadings pertaining to discovery. On February 27, 2019, Magistrate Judge Veronica Duffy entered a text order denying Mr. Garriss's motion for reconsideration of his his motion to compel at docket 79 as moot and without prejudice. Doc. 130. On February 27, 2019, the Court ordered that,

> [i]f any discovery issues remain after Mr. Garriss has reviewed the discovery provided per the stipulation at Docket 135, Mr. Garriss shall notify Mr. Kolbeck

who will contact Mr. Haak in an attempt to resolve. If a resolution cannot be reached between the parties then Mr. Garriss should file a motion with the court.

Doc. 130.

On September 17, 2019, Mr. Garriss filed a Renewed Motion to Compel Discovery without conferring with the Government, Doc. 160, and on September 30, 2019, the Court entered its Order denying the Renewed Motion to Compel, Doc. 180.

In his Motion to Modify Text Order, Mr. Garriss moved the Court to modify its text order at Doc. 130 "so as to allow Garriss' direct request by contacting the government via motion." Doc. 197. Mr. Garriss appears to argue that communicating with stand-by counsel regarding discovery issues is incovenient and that it does not matter whether the discovery requests are presented by counsel beforehand or directly by motion, because, Mr. Garriss alleges, that the Government objects to the disclosure regardless. Doc. 197 at 1. The Government contends that since entry of the text order at Doc. 130 on February 27, 2019, the Government has not received communication from Mr. Kolbeck regarding the Defendant's specific discovery requests. Doc. 198 a 3. Mr. Garriss has had ample opportunity to provide Mr. Kolbeck with specific discovery requests during this time and has ample time to do so prior to his trial scheduled for May 11, 2020.

The Court denies Mr. Garriss's motion to modify text order at Doc. 130. The Court agrees with the Government that allowing Mr. Garriss to file a motion to compel discovery without first engaging in good faith efforts with the Government to resolve the dispute is contrary to the spirit and purpose of D.S.D. Crim. 16.1. *See* Fed. R. Civ. P. 72 (stating the a district judge must consider timely objections and modify or set aside any part of an order on a pretrial matter referred to a magistrate judge that is "clearly erroneous or contrary to law"). Additionally, the Court concludes that Mr. Garriss's objections to Judge Duffy's February 27, 2019, order are well beyond the 14-day time period prescribed by Rule 72(a) of the Federal Rules of Civil Procedure.

Accordingly, it is hereby ORDERED:

1) The Report and Recommendations on the Motion to Suppress, Doc. 157, is hereby adopted by the Court and Mr. Garriss's Motion to Suppress, Doc. 151, is DENIED; Mr. Garriss has not identified any evidence that may have been obtained by the Government pursuant to administrative summonses issued after the criminal referral was made in this case; and

2) The Motion to Dismiss Indictment, Doc. 175, is DENIED.

3) The Motion to Modify Text Order, Doc. 197, is DENIED.

Dated this 27th day of January, 2020.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK