UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff<br><br>vs.<br><br>RANDY L. GARRISS,<br>Defendant | 4:17-cr-40058<br><br>MEMORANDUM<br>AND ORDER |

Pending before the Court is Defendant's Motion to Acquit Notwithstanding the Verdict (Doc. 336). The Government filed a response (Doc. 338), to which Defendant replied (Doc. 339). For the reasons explained below, the Defendant's motion is denied.

The Court notes at the outset that it deems Defendant's motion to have been timely filed. Defendant's stand-by counsel filed the motion electronically on June 30, 2022. (Doc. 333). Garriss, acting pro se, mailed a copy the same day and it was filed on July 5, 2022. (Doc. 336). Counsel then filed a notice of filing error for the earlier document. Given that Doc. 333 was timely filed and that Doc. 336 is a copy, the Court deems the motion filed within the timeframe set out in Rule 29(c)(1).

## BACKGROUND

Defendant was indicted on two counts, conspiracy to defraud the Internal Revenue Service, 18 U.S.C. § 371, and attempt to interfere with the administration of the Internal Revenue Laws, 26 U.S.C. § 7212(a). Defendant proceeded to jury trial pro se on June 7, 2022, with stand-by counsel, and was convicted of both counts on June 17, 2022. The Government's case against Defendant arose in connection with the prosecution of Steve and Ted Nelson for conspiracy to defraud the United States, failure to file income tax returns, and impeding the Internal Revenue Service. They were convicted on May 12, 2015. The Government alleged Defendant participated in the conspiracy involving the Nelsons, Loren Brown and Garriss, and engaged in extensive conduct to further it. The Government alleged this conduct included, among other actions, Garriss's serving as trustee of sham trusts which had been set up by the Defendant, the Nelsons, and others to shield the Nelsons' assets from recovery by the United States. Garriss was prosecuted with co-defendant Brown, who pleaded guilty to impeding the Internal Revenue Service on June 21, 2022. At the time of Garriss's trial, Brown was awaiting sentencing. He was a cooperating witness and testified at length at Garriss's trial.

Garriss has moved for acquittal notwithstanding the verdict, raising several claims. He alleges the evidence was insufficient to convict of either charge, the

redaction and the exclusion of certain evidence proffered by the defense denied

him due process, and the requirement that he wear a mask during parts of trial

likewise denied him due process. These matters are addressed below.

**ANALYSIS**

1. Legal Standard

Federal Rule of Criminal Procedure 29 provides as follows:

Motion for a Judgment of Acquittal...

> (c) After Jury Verdict or Discharge.
> (1) Time for a Motion. A defendant may move for a judgment of acquittal, or renew such a motion, within 14 days after a guilty verdict or after the court discharges the jury, whichever is later.
> (2) Ruling on the Motion. If the jury has returned a guilty verdict, the court may set aside the verdict and enter an acquittal. If the jury has failed to return a verdict, the court may enter a judgment of acquittal....

F. R. Crim. P. 29.

Numerous decisions provide guidance on the application of Rule 29. The

key for Rule 29 review is that a motion for judgment of acquittal may be granted

only "where the evidence is insufficient to sustain a conviction." *United States v.*

*Love*, 20 F.4th 407, 413 (8th Cir. 2021) (quoting *United States v. Hardin*, 889 F.3d

945, 949 (8th Cir. 2018)). The parameters of sufficiency review were cogently set

forth in *Musacchio v. United States*, 577 U.S. 237, 243,136 S.Ct. 709, 715, 293

L.Ed.2d 639 (2016). There the Court addressed a jury instruction issue and

explained that review for sufficiency "essentially addresses" whether "the

government's case was so lacking that it should not have even been submitted to the jury." *Id.* (quoting *Burks v. United States,* 437 U.S. 1, 16, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978)). The Court continued with the direction that, "On sufficiency review, a reviewing court makes a limited inquiry tailored to ensure that a defendant receives the minimum that due process requires: a 'meaningful opportunity to defend' against the charge against him and a jury finding of guilt 'beyond a reasonable doubt.' "*Id.* (quoting *Jackson v. Virginia,* 443 U.S. 307, 314–315, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)). The Court also invoked *Jackson*'s well-known standard that the reviewing court must assess whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (quoting *Jackson,* 443 U.S. at 319).

In conducting its review, the court views the evidence "in the light most favorable to the prosecution." *Jackson*, 443 U.S. at 319. Reversal is in order "only if no reasonable jury could have found [the defendant] guilty beyond a reasonable doubt." *United States v. Walking Bull,* 8 F.4th 762, 770 (8th Cir. 2021) (quoting *United States v. Hollingshed*, 940 F.3d 410, 417 (8th Cir. 2019); *United States v. Coleman*, 584 F.3d 1121, 1125 (8th Cir. 2009)). See also *United States v. Thompson,* 11 F.4th 925, 929 (8th Cir. 2021) (quoting standard); *United States v. Free*, 976 F.3d 810, 813-14 (8th Cir. 2020) (same).

When examining the sufficiency of the evidence the court must "giv[e] the verdict the benefit of all reasonable inferences." *United States v. Anderson*, 570 F.3d 1025, 1029 (8th Cir. 2009) (quoting *United States v. Foxx,* 544 F.3d 943, 949 (8th Cir. 2008)). See also *United States v. Fool Bear*, 903 F.3d 704, 708 (8th Cir. 2018) (quoting standard).  Furthermore, as the *Anderson* court noted, "The standard of review of an appeal concerning the sufficiency of the evidence is very strict, and the verdict of the jury should not be overturned lightly." 570 F.3d. at1029 (quoting *United States v. Scott,* 64 F.3d 377, 380 (8th Cir. 1995)).

In *United States v. Hassan*, the court acknowledged that Rule 29 "permits defendants to move the court to set aside a verdict and enter judgment of acquittal after trial," but the court cautioned that "a district court has very limited latitude to do so and must not assess witness credibility or weigh evidence, and the evidence must be viewed in a light most favorable to the government."  844 F.3d 723, 725 (8th Cir. 2016) (quoting *United States v. Stacks*, 821 F.3d 1038, 1043 (8th Cir. 2016)). Furthermore, the *Hassan* court advised that when a court evaluates a motion for judgment of acquittal, passing upon the credibility of witnesses or the weight to be given their testimony, "is uniquely within the province of the trier of fact, and entitled to special deference." 844 F.3d at 726 (quoting *United States v. Goodale*, 738 F.3d 917, 923 (8th Cir. 2013)).

The court's "limited latitude" has been referred to in several cases, including *United States v. Williams*, 647 F.3d 855, 859 (8th Cir. 2011) and *United States v. Hernandez*, 301 F.3d 886, 889 (8th Cir. 2002)). Likewise, in *United States v. Magallon*, the court commented that the district court's discretion to grant a Rule 29 motion "is even more limited than its discretion to grant a new trial." 984 F.3d 1263, 1288 (8th Cir. 2021). *Magallon* reiterated some of these limitations in underscoring that when a court is resolving a Rule 29 motion it "does not assess the credibility of witnesses or weigh evidence." *Id.* at 1288 (quoting *United States v. Starr*, 533 F.3d 985, 997 (8th Cir. 2008)). In the same vein, the *Magallon* court stressed that the judge "does not need to ensure witness testimony was corroborated but assumes the jury found witness testimony credible that was favorable to the verdict." *Id.* (citing *United States v. Keys*, 721 F.3d 512, 519–20 (8th Cir. 2013)). See *United States v. Little Bird*, 2022 WL 158935, * 2 (D. S.D. 2022) (discussing scope of Rule 29 review).

2. Offenses of Conviction

A. Garriss was convicted of Count 1, conspiracy to defraud the United States, 18 U.S.C. § 371. The elements as instructed by the court at trial are as follows:

> 1. Two or more persons reached an agreement or came to an understanding to commit the crime of defrauding the United States by impeding, impairing,

obstructing, or defeating the lawful governmental functions of the Internal

Revenue Service of the Treasury Department in the ascertainment,

computation, assessment, or collection of the revenue, to wit: income taxes

owed by Theodore "Ted" Nelson and Steven "Steve" Nelson;

2. Garriss voluntarily and intentionally joined the agreement, either at the

time it was first reached or at some later time while it was still in effect;

3. At the time Garriss joined in the agreement, he knew the purpose of the

agreement; and

4. While the agreement was in effect, a person or persons who had joined in

the agreement knowingly did one or more acts for the purpose of carrying

out or carrying forward the agreement.

Final jury instruction #17 (Doc. 315); Eighth Circuit Manual of Model Jury

Instructions, Criminal, § 5.06A-1.

Garriss claims the Government did not prove the conspiracy charge beyond

a reasonable doubt. To the contrary, the Court finds the Government introduced a

wealth of evidence to prove Defendant entered into a conspiracy with Steve

Nelson, Ted Nelson, and Loren Brown in connection with the Nelsons' convictions

for conspiracy to defraud the United States, failure to file income tax returns, and

impeding the Internal Revenue Service. The Government established that

Defendant was an active member of the conspiracy. It introduced evidence to

7

show that he was aware of tax liens placed on the Nelsons' property, and that Defendant and others established sham trusts and took other actions in an effort to shield the Nelsons' land from being seized and to hide taxable income. The Government introduced evidence that after the death in 2011 of John Sheridan, who had advised the Nelsons in connection with their tax avoidance scheme, Defendant agreed with the Nelsons and Brown that he would become a trustee of a trust designed to keep the Nelsons' property from being seized by the Government. After the Nelsons' convictions, Defendant arranged for a deal to keep some of their land from being seized to satisfy the restitution judgment, sent frivolous material to the IRS in connection with the Nelsons' case, and made false claims to prospective buyers that the Nelsons' land could not be sold to them by the Government. The Government established at trial that these actions were taken in furtherance of the conspiracy with the Nelsons and Brown.

The Court is satisfied that the Government introduced evidence on each element of the offense, and that the evidence was sufficient to prove Defendant's guilt of conspiring to defraud the United States beyond a reasonable doubt. *Walking Bull*, 8 F.4th at 770. A rational jury thus had sufficient evidence to find Defendant's guilt beyond a reasonable doubt and did so with respect to Count 1. *Magallon*, 984 F.3d at 1288.

8

B.  Garriss was convicted of Count 2, attempt to interfere with the administration of the internal revenue laws, 26 U.S.C. § 7212(a), which required the government to prove the following elements:

1. Garriss acted in any way corruptly;

2. Garriss obstructed or impeded, or endeavored to obstruct or impede, the due administration of the Internal Revenue laws;

3. A "nexus" existed between Garriss's conduct and a particular tax-related proceeding or administrative action; and

4. Garriss acted with knowledge of a currently-pending or reasonably foreseeable governmental tax-related action or proceeding.

Final jury instruction #20 (Doc. 315). 26 U.S.C. § 7212(a); *Marinello v. United States*, 138 S.Ct. 1101 (2018).

Garriss claims the Government did not introduce sufficient evidence to prove the elements of the offense beyond a reasonable doubt. The Court finds the Government did meet its burden of proof with respect to Count 2. The Government established that Defendant knew of the jeopardy assessment on the Nelsons land and endeavored to assist the Nelsons in not paying the debt. As recounted above, the Government showed Garriss participated in setting up sham trusts to keep the Nelsons' land from being seized and to evade income taxes. He told a buyer the IRS had no authority to sell the Nelsons' land and it still belonged

9

to a trust. He endeavored to arrange a land deal with Carl Bruenning to shield land from seizure by the IRS. He sent letters and material to the IRS with spurious claims, all in an effort to impede the IRS from seizing the Nelsons' assets.

The Court is satisfied that the Government introduced sufficient evidence to prove each element of this offense beyond a reasonable doubt. A rational jury had sufficient evidence to convict, as this jury did. Under the standard set forth above, the Rule 29 motion is denied. *Thompson,* 11 F.4th at 929; *Free*, 976 F.3d at 813-14.

3. Additional claims by Defendant

A. Safety Precautions Regarding Covid-19—Amended Standing Order 22-1

Defendant's claim pertaining to the court's requirement that he wear a mask during certain parts of trial is not appropriate for resolution under Rule 29. Furthermore, the Court can find no basis for determining that the Court's enforcement of a mask requirement denied Defendant due process as he claims.

Garriss elected to forego representation by counsel and was assisted on a stand-by basis by Attorney Ryan Kolbeck. Prior to the commencement of trial, the Court reminded Garriss of the District's standing order regarding covid precautions (Doc. 302-1), which had been discussed several times previously. The Court advised Garriss that because he was not vaccinated against covid, he would be required to wear a mask except for voir dire, opening, closing, and his own

10

testimony if he elected to testify. If he was not wearing a mask at those times he would be in the witness stand which had a microphone and enclosed on its four sides with plexiglass. (Doc. 302). The Court also offered Garris a delay in the start of trial to enable him to obtain two doses of the covid vaccine which would do away with the mask requirement. Id. Garriss refused the offers and the trial proceeded with Garriss wearing a mask except for his direct and cross examination testimony which was given from the enclosed witness stand. In addition to participating in voir dire, Garriss gave an opening statement, cross-examined the Government's witnesses, testified in his own behalf, and gave a closing argument. He challenged numerous rulings of the Court, necessitating sidebar discussions and lengthier sessions with the jury excused. Garriss participated in all of these aspects of trial. The Court discerns no impediment to Garriss's receiving due process when required to wear a mask to guard against the spread of covid to the jury, witnesses, and court personnel.

### B. Fair trial

#### 1. Redaction of Exhibit 247 and exclusion of Exhibit 246

Defendant claims the Court's redaction of a sentence on Exhibit 247 pertaining to co-defendant Brown denied him a fair trial. (Doc. 336). The redacted document was admitted as Exhibit 247A. This issue is not appropriate for resolution under Rule 29. If it were, the Court would deny the motion.

Exhibit 247 was an email from Loren Brown, Defendant's co-defendant, to Steve Nelson.  Brown cooperated with the Government and gave lengthy and detailed testimony about his dealings with Defendant and the Nelsons.  Brown testified he had pleaded guilty and hoped to achieve leniency in connection with his testimony in Defendant's case.  The omitted sentence indicated Brown wanted to avoid prison time. The Court redacted the reference to prevent the jury from focusing on possible punishment, primarily of Garriss.  See Eighth Circuit Model Jury Instruction, Criminal, § 3.12. See generally, *United States v. Thomas*, 895 F.2d 1198, 1200 (8th Cir. 1990). Defendant claims that the jury should have been able to see from the email that Brown wanted to avoid prison time, that this influenced his testimony, and that the jury would not have found Garriss guilty if it had had this information in evaluating Garriss's beliefs about the tax system. (Doc. 336, PgID 4428-29). The Court disagrees.  Given the amount of information brought out by both the Government and Defendant about Brown's credibility, the jury had sufficient information to make a determination about whether to believe his testimony.  In addition, in response to a motion in limine by the Government, the Court made a pretrial ruling that possible punishment was not to come before the jury.

Exhibit 246 was a handwritten statement Defendant offered as a reflection of Loren Brown's past beliefs about the tax system.  Brown testified to the matters at

length. The document was cumulative, had little or no probative value, and was properly excluded. Federal Rules of Evidence 401, 403.

A Rule 29 motion does not permit the Court to assess the credibility of witnesses. *Goodale*, 738 F.3d at 923; *Stacks*, 821 F.3d at 1043. The court evaluates the evidence in the light most favorable to the Government. *Fool Bear*, 903 F.3d at 708. The Court has done so and determines that neither the redaction in Exhibit 247 nor exclusion of Exhibit 246 undermines the jury's finding of guilt beyond a reasonable doubt.

### 2. Exclusion of defense exhibits

Defendant claims the "major issue" before the court is exclusion of some of the exhibits he wanted to introduce to support his "understanding" of the tax system in an effort to establish his "good faith." (Doc. 339, PgID 4448; Doc. 336, PgID 4426-27, 4429)). Garriss testified at length about his beliefs. He testified about the origins of his theories about the tax system, his attendance at an anti-tax convention, the cases and statutes he read, and his research involving articles and commentary from others who would support his belief that neither he nor the Nelsons were required to pay taxes. He was not prevented from introducing evidence about his "understanding" of the tax system. (Id.). The Court permitted Garriss to introduce redacted versions of cases, excerpts from Black's Law Dictionary, and other material. (Doc. 318, PgID 1830-33). The additional

documents he sought to introduce were not exculpatory, and he was not denied due process when the Court ruled they were inadmissible. For the most part, the documents were excerpts from the federal tax code, regulations, cases and articles addressing sections of the tax code, and articles about jurisdiction and other extraneous material. The Court instructed the jury about the law pertaining to the case, and there was no reason to admit almost 300 defense exhibits which were documents addressing aspects of the law that were irrelevant to the issues the jury had to decide.

A Rule 29 motion is not the proper setting for evaluation of evidentiary rulings at trial and is limited to assessment of the sufficiency of the evidence. Nevertheless, the Court is mindful of Defendant's assertion that he was denied a fair trial because of certain evidentiary rulings. Therefore, the Court has inquired further to be certain the requirements of due process have been met. *Musacchio*, 577 U.S. at 243 (quoting *Jackson*, 443 U.S. at 319). The Court discerns no denial of due process in its evidentiary rulings.

Given both the absence of evidence to support a claim of denial of due process and the court's "limited latitude" to overturn the jury's verdict in a Rule 29 motion, the Court declines to overturn the verdict here. *Love*, 20 F.4th at 413; *Hassan*, 844 F.3d at 725.

CONCLUSION

Garriss's jury trial lasted for eight days, during which the jury listened attentively to both the Government's and Defendant's cases.  The jury deliberated and rendered a verdict against Garriss on both counts.  The Court finds that based on the evidence produced at trial, a rational jury could have found guilt beyond a reasonable doubt on both counts.  The Court finds there is no reason to overturn the jury's verdict by granting the Defendant's motion to acquit.

Accordingly, IT IS ORDERED that Defendant's motion for acquittal notwithstanding the verdict is denied.

Dated this ___8___ day of August, 2022.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK