UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff<br><br>vs.<br><br>RANDY LEVERNE GARRISS,<br>Defendant | 4:17-cr-40058<br><br>MEMORANDUM<br>AND ORDER |

Pending before the Court is Defendant's Motion to Continue Release Conditions Pending Appeal and Stay of Execution (Doc. 366).

I. Background

Defendant was convicted by a jury of Attempt to Interfere with the Administration of Internal Revenue Laws, 26 U.S.C. § 7212(a) and Conspiracy to Defraud the United States, 18 U.S.C. § 371. The jury reached its verdict on June 17, 2022, after a lengthy trial in which Defendant represented himself with stand-by counsel. The case against Defendant centered around his conspiring with others to assist Steve and Ted Nelson in sheltering funds owed to the United States in connection with the criminal case against them for conspiracy to defraud the United States, failure to file income tax returns, and impeding the Internal Revenue

1

Service. They were convicted on May 12, 2015. The Government alleged Defendant participated in the conspiracy involving the Nelsons, Loren Brown and Garriss by, among other actions, serving as trustee of sham trusts which had been set up by the Defendant, the Nelsons, and others to shield the Nelsons' assets from recovery by the United States. Garriss was prosecuted with co-defendant Brown, who pleaded guilty to impeding the Internal Revenue Service on June 21, 2022. At the time of Garriss's trial, Brown was awaiting sentencing. He was a cooperating witness and testified at length at Garriss's trial.

The Court sentenced Garris on September 26, 2022, to 36 months and three years of supervised release.  The Court did not order restitution. (Doc. 356). The Court ordered that Defendant appear at the United States Marshalls Service on October 17, 2022, to begin serving his sentence.  Defendant now moves the Court to stay his report date.

II.  Legal Standard

The governing statute is 18 U.S.C. § 3143 which provides in pertinent part as follows:

> **Release or detention of a defendant pending sentence or appeal …**
>
> **(b) Release or detention pending appeal by the defendant.--(1)** Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds--

> **(A)** by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and
> **(B)** that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in--
> > **(i)** reversal,
> > **(ii)** an order for a new trial,
> > **(iii)** a sentence that does not include a term of imprisonment, or
> > **(iv)** a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

The Eighth Circuit has provided guidance on the interpretation of § 3143(b)(1)(B). The court has directed that in determining whether an individual has raised a substantial question of law or fact the court should address the likelihood of success on the merits. *United States v. Powell*, 761 F.2d 1227, 1233 (8th Cir. 1985). Thus, a petition involving harmless error or failure to preserve the record would clearly not qualify as "likely to result in reversal," and thus would not present a substantial question. *Id*. On the other hand, in determining what would qualify, the court stated the test for whether a substantial question is presented is that the issue is a "close question," and "will more probably than not, if decided in defendant's favor, lead to a reversal or an order for new trial on all counts on which imprisonment has been imposed." *Id.*

Numerous courts have applied this standard in resolving claims similar to Garriss's. In *United States v. Ruzicka*, the defendant was convicted of fraud and filing false tax returns, resulting in an 84-month sentence. 2019 WL 2710699 (D.

Minn. 2019). The court set a date six months in the future as the report date, and defendant moved for a postponement. The court denied the request. *Id.* *6. It rejected defendant's claim of insufficiency of evidence and other alleged trial errors, concluding defendant had not presented a substantial question that would result in reversal and the order of a new trial. *Id.* Likewise, in *United States v. Engelman*, the court rejected defendant's request for release pending appeal. 985 F.Supp.2d 1042, 1050 (D. Iowa 2013) aff'd 720 F.3d 1005 (8th Cir. 2013). The issue before the district court was an alleged violation of a sequestration order in connection with defendant's trial for bank fraud and wire fraud. The district court applied the standards of 18 U.S.C. § 3143 and *Powell* in denying relief. *Id.* 1050-51. The court found the issues did not pose a "close question" and determined nothing had impaired the fundamental fairness of the proceeding. *Id.* at 1051. See also, *United States v. Sampica*, 2015 WL 4247148 (D. Minn. 2015) (no substantial question under § 3143(b) presented); *United States v. Estrada*, 2008 WL 2148762 (D. S.D. 2008) (same).

III. Garriss's Motion

Defendant requests a stay of the Order that he report to begin serving his sentence on October 17, 2022. In applying the standards of § 3143, the Court must first address the requirement in § 3143(b)(1)(A) that it make a determination that the defendant is not a flight risk or poses a danger to any other person or to the

4

community. The Court finds that Garriss is not a flight risk and does not pose a danger to another person or to the community. The Court noted in imposing sentence that Garriss did not have to be taken into custody immediately because he was not a flight risk and did not pose such dangers. Nothing has occurred in the intervening period of time to alter the Court's determination in this regard.

The second factor the Court must address is whether Garriss raises a substantial question on appeal, meaning one that is likely to result in reversal. The Court finds Garriss does not have a substantial question to raise on appeal. The Court summarized the evidence at trial in the Background section, above. The jury listened to the evidence at a lengthy trial and reached a guilty verdict. Garriss proceeded pro se and handled his defense with the assistance of stand-by counsel. The Court discerned no error during trial that would likely result in reversal on appeal and finds Defendant has not met the standard of § 3143(b)(1) and *Powell*. In his motion for a stay, Garriss relies primarily on his perception of inconvenience in handling his appeal while incarcerated. This is not a sufficient reason under § 3143 to grant a stay. Therefore, the Court denies the motion for a stay.

The Court recognizes that pursuant to F.R.Crim.P. 38(b)(2), when a stay is denied the Court can make a recommendation to the Attorney General that the Defendant be confined in a place near the place of appeal to permit the defendant to assist in the preparation of the appeal. The Court so recommends.

CONCLUSION

The Defendant has not met the standard of 18 U.S.C. § 3143 for a stay of execution of his report date of October 17, 2022, because he has not demonstrated he has a substantial question of law or fact to raise on appeal. Therefore his Motion to Continue Release Conditions Pending Appeal and Stay of Execution (Doc. 366) is denied.

Accordingly, IT IS ORDERED that the Motion to Continue Release Conditions Pending Appeal and Stay of Execution (Doc. 366) is denied.

Dated this 14th day of October, 2022.

BY THE COURT:

_____
Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK

_____